Murray v Planned Parenthood Fedn. of Am.

2026 NY Slip Op 02607

April 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Yolanda Murray, Appellant,

v

Planned Parenthood Federation of America, Respondent.

Decided and Entered: April 28, 2026

Index No. 952388/23|Appeal No. 6484|Case No. 2025-04744|

Before: Webber, J.P., Mendez, Rodriguez, O'Neill Levy, Michael, JJ.

Yolanda Murray, appellant pro se.

Lewis Brisbois Bisgaard & Smith LLP, New York (Dean L. Pillarella of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about June 25, 2025, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

This action, which involves misconduct alleged to have occurred in 1996, was properly dismissed as time-barred. Plaintiff's claims are not subject to the Adult Survivors Act (ASA) (CPLR 214-j) because she failed to allege "conduct that would constitute a violation of at least one of the criminal statutes enumerated" therein (see Doe v Wilhelmina Models, Inc., 229 AD3d 128, 137 [1st Dept 2024] [internal quotation marks omitted]). The performance of an unauthorized abortion, as alleged here, is not the type of sexual misconduct the ASA and similar "revival" statutes were designed to reach, even allowing for the fact, as alleged, that the provider made inappropriate comments to plaintiff while performing the procedure. Even if plaintiff was a minor at the time of the incident, as alleged in the complaint, the Child Victims Act (CPLR 214-g) would not save plaintiff's claim, as the action was commenced two years after the revival window for such a claim closed.

Even if the complaint was not time-barred, it failed to allege the elements of any cognizable cause of action (see Guzman v City of NY, 190 AD3d 454, 455 [1st Dept 2021]). For example, plaintiff did not allege that defendant had knowledge of any dangerous propensities possessed by the doctor who treated plaintiff which could have given rise to a claim for negligent hiring, retention, training, or supervision (see A.M. v Holy Resurrection Greek Orthodox Church of Brookville, 190 AD3d 470, 471 [1st Dept 2021]). Nor did she allege that defendant had any control over or involvement in employment and medical treatment decisions by its local affiliates, including the one that treated plaintiff. Indeed, the affirmation submitted in support of defendant's motion established that it did not (see Jane Doe Three v KIPP Academy Charter Sch., 235 AD3d 406, 407 [1st Dept 2025]). Plaintiff also did not allege any facts in support of her alter ego theory, which was first raised in opposition to defendant's motion to dismiss (see Cedar Capital Mgt. Group Inc. v Lillie, 236 AD3d 508, 509 [1st Dept 2025]).

There is no support in the record for plaintiff's claims of judicial bias.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 28, 2026